IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § § § § § § § § § § | |
| | | CIVIL ACTION NO. |
| Plaintiff, | | |
| v. | | |
| | | **COMPLAINT** |
| CORPORATE EXPRESS OFFICE PRODUCTS, INC., | | |
| | | **JURY DEMAND** |
| Defendant. | | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, ("Title VII") as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and to provide appropriate relief to Frank L. Hawkins, III, ("Hawkins") who was adversely affected by such practices.

The U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Corporate Express Office Products, Inc., ("Corporate Express" or "Defendant"), a subsidiary of Staples Inc., violated Title VII by denying Frank L. Hawkins appropriate wages as an Account Manager due to his race, African American.  These allegations are discussed in greater particularity in paragraph 7 below.

1

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Louisiana.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4.      At all relevant times, Corporate Express Office Products, Inc., ("Corporate Express" or "Defendant"), a subsidiary of  Staples Inc., has continuously been a corporation organized under the laws of the State of Delaware doing business within the State of Louisiana and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Frank L. Hawkins, III, filed a charge with the Commission alleging violations of Title VII of the Civil Rights Act of 1964, as amended. All conditions precedent to the institution of this lawsuit has been fulfilled.

7. Since at least January 2003, Defendant has engaged in unlawful employment practices in violation of Section 703(a) (1) and (2) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-2(a) (1) and (2). Defendant refused to pay Frank L. Hawkins, III, appropriate wages due to his race. Specifically,

 A. Mr. Hawkins began working for Corporate Express in January 2003, when he was recruited from college, with a Marketing degree, and hired as a Junior Account Manager with an annual salary of $32, 500, plus commissions. Mr. Hawkins was informed that this was a training position and that after six to eight months he would be promoted to an Account Manager with an increase in his base salary. In March 2003, Mr. Hawkins was given a car allowance. However, although Mr. Hawkins was promoted to Account Manager in August 2003, his base salary was not increased.

 B. Mr. Hawkins was the only African American Account Manager working in the Gulf Coast Division out of Baton Rouge, Louisiana.

C. Mr. Hawkins received no disciplinary action, received numerous certificates and accolades for his achievements and exceeded his goals at Corporate Express. Yet, though he was a strong performer, Mr. Hawkins' annual base salary was not increased when he was promoted nor was it increased based on his performance, despite Defendant's insistence that their compensation plan assures salary increases based on performance. Further, although he continued to request appropriate salary increases based on his performance, Mr. Hawkins was never given a salary increase based on his sales and achievements. Yet a white female (WF) colleague received a $2500 dollar salary increase in 2004, allegedly due to her performance, increasing her salary to over $40,000. In addition, when two white employees left, Mr. Hawkins took over their accounts without receiving any salary increase for the increased workload and entailed increased sales.

D. The white male hired to replace Mr. Hawkins as the Junior Account Manager received a higher base salary than Mr. Hawkins earned, even after Mr. Hawkins became an Account Manager.

E. In June 2006, Mr. Hawkins again approached Sales Manager Adam Serna (WM) about a salary increase. This was the fifth manager Mr. Hawkins approached about an increase in his base salary during his forty-four (44) months of employment. Although, the Sales Manager stated he would look into it, the matter was never discussed with Mr. Hawkins. By October 2006, Mr. Hawkins determined he could not advance with this company despite his efforts and achievements. Therefore he submitted his resignation effective October 13, 2006.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Frank L. Hawkins, III, of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, African American.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or reckless indifference to the federally protected rights of Frank L. Hawkins, III.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race.

B. Order Defendant Employer, its officers, successors, assigns, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer, its officers, successors, assigns, to make whole Frank L. Hawkins, III, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer, its officers, successors, assigns, to make whole Frank L. Hawkins, III, by providing compensation for past and future

pecuniary losses resulting from the unlawful employment practices described in paragraph 7, including but not limited to job search expenses in amounts to be determined at trial.

E.   Order Defendant Employer, its officers, successors, assigns, to make whole Frank L. Hawkins, III, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, lowered self esteem and humiliation, in amounts to be determined at trial.

F.   Order Defendant Employer, its officers, successors, assigns to pay Frank L. Hawkins, III, punitive damages for its malicious and reckless conduct, as described in paragraph 7 above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its cost of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**JAMES L. LEE**

Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned
Equal Employment Opportunity Commission
131 "M" Street N.E.
Washington, D.C. 20507-0001

**JIM SACHER**
Regional Attorney
Bar Roll No. 14888
**RUDY SUSTAITA**
Supervisory Trial Attorney (Acting)
No Bar Roll No. Assigned
Equal Employment Opportunity Commission
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002


//s//Michelle T. Butler
**MICHELLE T. BUTLER (T.A.)**
Senior Trial Attorney
Bar Roll Number 1286
Equal Employment Opportunity Commission
New Orleans Field Office
1555 Poydras Street, Suite 1900
New Orleans, LA 70112
Tel:   (713)209-3398 (Sacher)
       (713) 209-3400 (Sustaita)
       (504) 595-2872 (Butler)(TA)
Fax:   (504) 595-2886

REGISTERED AGENT FOR
SERVICE OF PROCESS:
CT Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, La 70808