UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>versus<br><br>CORPORATE EXPRESS OFFICE PRODUCTS, INC.<br><br>Defendant. | CIVIL ACTION NO.<br>3:09-cv-00516<br><br>JUDGE TYSON<br><br>MAG. JUDGE DALBY |

## **CONSENT DECREE**

### Introduction

Plaintiff, the United States Equal Employment Opportunity Commission ("the Commission") instituted Civil Action Number 3:09cv00516 in the United States District Court for the Middle District of Louisiana, on July 30, 2009, charging Corporate Express Office Products, Inc. ("Corporate Express" or "Defendant") with violations of Section 703(a)(1) and (2) of Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. Sections 2000e-2(a)(1) and (2); Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended; and 42 U.S.C. Section 2000e-3(a), and alleging that the Defendant subjected Charging Party, Frank L. Hawkins, III, to unequal wages due to his race, Black. Defendant denies the allegations of Plaintiff Equal Employment Opportunity Commission.

The Commission, and the Defendant now wish to resolve all claims and controversies encompassed by this lawsuit to avoid the burden, expense or delay of further litigation, subject, however, to the approval of this Court.

THEREFORE, IT IS HEREBY AGREED BETWEEN THE COMMISSION AND THE DEFENDANT, AND ORDERED, ADJUDGED, AND DECREED THAT:

### I.   JURISDICTION AND PROCEDURAL MATTERS

1. The parties agree this Court has jurisdiction over the subject matter of this lawsuit and over the parties to this lawsuit.

2. The parties agree the purposes of Title VII will be furthered by the entry of this Decree, the terms of which constitute a fair and equitable resolution.

3. The parties agree the negotiation, execution and entry of this Decree will resolve any and all claims of the Title VII violations alleged by the Commission on behalf of Charging Party Frank L. Hawkins, III, against the Defendant arising out of Commission Charge Number 461-2007-00231 and this lawsuit, Civil Action Number 03:09cv00516.

4. Neither the negotiation, execution, nor entry of this Consent Decree shall constitute an acknowledgment or admission of any kind by Defendant that its officers, agents or employees have violated or have not been in compliance with Title VII or any other applicable law, regulation or order.

### II.   GENERAL PROVISIONS

5. Defendant shall not discriminate against its employees with respect to wages, hiring, promotion, compensation, discharge, or other terms and conditions or privileges of employment on the basis of race.

6. Defendant shall not discriminate or retaliate against any person because he or she: (a) has opposed any practices alleged in this lawsuit as unlawful under Title VII; (b) has participated in any investigation conducted under Title VII connected with or leading up to this

lawsuit; (c) has participated in this lawsuit; or (d) has benefited or will benefit in any way as a result of this Consent Decree.

### III. INDIVIDUAL RELIEF

7. Within twenty-five (25) calendar days after the entry of this Decree the Defendant shall pay the sum of $EIGHTY THOUSAND DOLLARS ($80,000) in U. S. Currency to Frank L. Hawkins, III, for claims that were raised in Commission Charge Number 461-2007-00231 and this lawsuit. In exchange, Mr. Hawkins will execute a separate release prepared by the Defendant as full settlement for all of his claims of discrimination as raised by Charge Number 461-2007-00231 and this Civil Action Number 03:09cv00516, which are the subject of this Decree. In addition, Defendant agrees to provide a neutral reference to any prospective employers should a reference be requested relative to Mr. Hawkins' employment with Corporate Express. Appropriate taxes shall be withheld only from that portion of the settlement sum that is attributed as a back pay loss. The back pay loss in the foregoing settlement is TWENTY-TWO THOUSAND FIVE HUNDRED DOLLARS ($22,500) in U. S. Currency, minus standard deductions. The remainder of the settlement fund, FIFTY-SEVEN THOUSAND AND FIVE HUNDRED DOLLARS ($57,500) in U. S. Currency, is for emotional distress, inconvenience and attributed interest. The Defendant shall provide contemporaneously to the EEOC's Senior Trial Attorney Michelle T. Butler (hereafter "the EEOC's Designated Attorney") a copy of the payment to Frank L. Hawkins, III.

### IV. INJUNCTIVE RELIEF

#### A. TITLE VII COMPLIANCE

8. The Defendant's employment practices shall comply with all requirements of Title VII. Additionally, in furtherance of its Title VII compliance obligations, the Defendant

acknowledges it will train its employees in accordance with paragraph 11 of this Decree.

### B. REPORTING

9. Defendant shall report to the EEOC within twenty-five (25) calendar days of the signing of this decree that it has paid Frank L. Hawkins, III, the amount agreed to in Paragraph 7 above. In addition, Defendant shall report to the EEOC the completion of the annual training discussed in Paragraph 11 below and the dissemination of its anti-discrimination policy as discussed in Paragraph 13 below.

10. For the duration of this Decree the Defendant shall also submit through Defense Counsel two written reports to the EEOC's Designated Attorney of any race discrimination or race harassment complaint received in the Defendant's Baton Rouge and Harahan offices which formed part of Corporate Express' Gulf Coast region. The first report shall be due by April 30, 2010, and the second report shall be due by March 31, 2011. These reports shall certify the Defendant's compliance with this Decree and further provide the following information: (i) the identity by name, race, social security number, last known address and last known telephone number(s) of any employees who reported or complained about race discrimination, wage disparity based on race, racial harassment or race-based hostile work environment, (all hereafter known as "race based complaints"), (ii) a description of the employee's complaint, (iii) a statement as to whether and how the Defendant responded to such report(s) or complaint(s), (iv) a statement as to whether and how the report(s) were resolved and (v) all documents that were created relative to the above should also be provided. In order to be classified as "race based complaint," the complainer need not use any particular terminology such as, but not limited to "harassment or hostile environment." Also, in any event where a black employee complains about discrimination, said complaint shall presumptively fall within the race based complaint

category. If no complaint(s) have been filed, Defendant shall notify EEOC of same.

During the term of this agreement, in the event any reports or complaints are made in the Defendant's Baton Rouge and Harahan offices which were part of Corporate Express' Gulf Coast region, the EEOC shall have access, upon advance notice of at least ten (10) business days to the Defendant, to any written reports or complaints of racial discrimination, wage disparity based on race, racial harassment and/or race-based hostile work environment and to any investigative documents that are in the control or possession of Defendant and/or its owners, officers, managers, agents, employees, successors, and/or assigns, which the Commission deems necessary to examine in the process of evaluating the employee reports or complaints to determine whether a violation of Title VII's prohibition against form of race discrimination has occurred. Further, the Defendant will maintain such reports and/or complaints for the term of this agreement. At the Commission's option, these reports shall be mailed, faxed or sent to the Commission electronically at the Defendant's expense.

### C.   TITLE VII TRAINING

11.   The Defendant shall train all former Corporate Express employees at Staples' Baton Rouge and Harahan offices which formed part of Corporate Express' Gulf Coast Region by December 31, 2009, about Title VII and the Defendant's anti-discrimination and complaint-reporting policy(ies). Specifically, the training shall include the topics of unlawful race discrimination, wage disparity due to race, and retaliation against employees in violation of Title VII, and an explanation of the Defendant's anti-discrimination and complaint-reporting policies. Further, Defendant shall train all former Corporate Express supervisors and managers at Staples' Baton Rouge and Harahan offices which formed part of Corporate Express' Gulf Coast division by December 31, 2009, on Staples' "Fair and Consistent Workplace Management" training.

Completion of each training program shall be reported to the Commission's Designated Attorney in accordance with the reporting requirements of this Decree. Defendant will notify its personnel of the program no later than two weeks prior to its date. This web-based training shall be attended by all former Corporate Express personnel located in Staples' Baton Rouge and Harahan offices which formed part of Corporate Express' Gulf Coast Region. Defendant shall certify by January 31, 2010 that all former Corporate Express employees have received the applicable training. Further, Defendant shall certify by January 31, 2010 that all former Corporate Express Supervisors and Managers have received the "Fair and Consistent Workplace Management" training. The Defendant's reports to the EEOC's Designated Attorney shall provide the identity (ties) of all former Corporate Express persons who received the Title VII training and shall include their position. Further, the reports shall provide a certification or acknowledgment from the Defendant that all former Corporate Express employees have been trained as outlined in this decree.

### D. POSTING

12. The Defendant agrees to continue to post conspicuously the Commission's poster entitled: "Equal Employment Opportunity Is The Law" in prominent and accessible places in all applicable locations throughout its Baton Rouge and Harahan facilities where said poster can be readily observed by the Defendant's Corporate Express employees and applicants for employment.

### E. TITLE VII POLICY DISSEMINATION AND POSTING

13. The Defendant acknowledges that it has eliminated all of Corporate Express' Anti-Discrimination policies and procedures; Corporate Express' sales department wage and compensation policies and procedures; and Corporate Express' promotion policies and

procedures and replaced them with Staples, Inc.'s equivalent policies and procedures, which are to be provided to each current former Corporate Express employee in the Baton Rouge and Harahan offices. Further, Defendant shall provide a copy of these policies to each new employee in the Baton Rouge and Harahan offices, at the time of hire, through its standard practice which is in Staples' handbook and by access through Staples' computer portals. Defendant agrees that it shall maintain for the duration of this Consent Decree those policies and procedures which it has sent to the Commission prohibiting race discrimination, and wage disparity based on race. These anti-discrimination policies provide: (i) contact names, addresses and telephone numbers for complaining and reporting suspected work-place discrimination and/or harassment to one designated official or employee of Defendant who shall be the ultimate point of contact for receiving and handling alleged discrimination and/or harassment complaints beyond the employee's direct supervisor or other individual who may be the employee's first point of contact; (ii) a statement notifying employees in the Baton Rouge and Harahan offices that they are not obligated to report suspected discrimination and/or harassment to any supervisor in their chain-of-command who is an alleged discriminating official and/or harasser or related by blood or marriage to an alleged discriminating official and/or harasser; (iii) a requirement that discrimination and/or harassment complaints will be investigated promptly and confidentially and that responsive action and disciplinary measures will be taken to prevent and correct discrimination and/or harassment; and (iv) a requirement that all of the Defendant's managers and supervisors shall promptly forward all complaints or reports about suspected work-place discrimination and/or harassment to the designated company official or employee who will serve as the primary point of contact for handling such complaints or reports and who will ensure that Defendant promptly responds to such complaints by investigation and disciplinary or other

corrective action. Defendant agrees that such posted policy(ies) will also clearly indicate to all employees in the Baton Rouge and Harahan offices that they should contact the designated company official or employee who is identified above for confidentially reporting suspected work-place discrimination and/or harassment to someone other than their supervisor or a relative to their supervisor in the event their supervisor or his/her relative is the suspected discrimination official and/or harasser.

The Defendant further acknowledges that it will provide all its employees in the Baton Rouge and Harahan offices with convenient access to its anti-harassment and complaint-reporting policy(ies) that comply with this Decree, including the contact names, addresses and telephone numbers for confidentially complaining and reporting suspected work-place discrimination and/or harassment, by posting same in its company handbook and by inclusion on Defendant's company portals which forms the standard manner in which information is disseminated at Staples' work-place locations in all its facilities or buildings where its employees work. Additionally, the Defendant shall certify that it has provided access to its anti-discrimination/harassment and complaint-reporting policy(ies) to all former Corporate Express employees (including former Corporate Express managers, supervisors, trainees, probationary and temporary employees, and all salaried and hourly-paid employees), and has or will obtain their written, dated acknowledgments of their receipt and understanding of such policy(ies), and will maintain all written, dated acknowledgments of such policies in its employees' personnel files. For the duration of this Decree, the Defendant shall certify in its report to the EEOC's Designated Attorney that it has posted and disseminated such policy (ies) in accordance with this paragraph.

### V.     DURATION

14.    This Consent Decree shall remain in force for eighteen (18) months after the date of entry of this Decree.

### VI.    VALIDITY, ENFORCEMENT AND MISCELLANEOUS PROVISIONS

15.    Should any provision of this Decree be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms and provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Decree.

16.    This Court shall retain jurisdiction over this action for the purpose of enforcing this Decree, if necessary; and any party is empowered to enforce this Decree through the applicable judicial enforcement procedures.

17.    This Decree sets forth the entire agreement among the Commission and the Defendant, which resolves Commission Charge Number 461-2007-0231 and this lawsuit. This Decree fully supersedes any and all prior agreements or understandings among the parties pertaining to Commission Charge Number 461-2007-0231 and this lawsuit. This Decree cannot be altered by oral agreement among the parties, but only by written Court-ordered modification.

18.    Each party will bear their own attorney's fees and costs incurred in connection with this litigation.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 23rd day of Nov., 2009

UNITED STATES DISTRICT JUDGE

SUBMITTED AND APPROVED BY:

| FOR THE PLAINTIFF | FOR THE DEFENDANT |
|---|---|
| **JAMES L. LEE** <br> DEPUTY GENERAL COUNSEL <br> No Bar Roll Number Assigned <br> **GWENDOLYN YOUNG REAMS** <br> Associate General Counsel <br> No Bar Roll Number Assigned <br><br> **JIM SACHER** <br> Regional Attorney <br> LA. Bar Roll No. 14888 <br> **RUDY SUSTAITA** <br> Acting Supervisory Trial Attorney <br> No Bar Roll No. Assigned <br><br> *(signature)* <br> **MICHELLE T. BUTLER** <br> Senior Trial Attorney <br> La. Bar Roll No. 01286 <br> **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** <br> New Orleans Field Office <br> 1555 Poydras Avenue, Suite 1900 <br> New Orleans, Louisiana 70112 <br> Telephone: (504) 595-2870 (Main) <br> (504) 595-2872 (TA) <br> Fax: (504) 595-2886 <br> Email: michelle.butler@eeoc.gov | *(signature)* <br> **WILLIAM HOWARD, III** <br> La. Bar Roll No. 7025 <br> **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.** <br> 201 St. Charles Ave., Suite 3600 <br> New Orleans, La. 70170 <br> Telephone: (504) 566-5275 <br> Fax: (504) 636-3975 <br> E-mail: bhoward@bakerdonelson.com |